**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:24-CR-00009-WLS-ALS |
| JORDAN C. ALPHONSUS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

On October 14, 2026, the Court held a hearing to determine the loss amount in this case. The Court issues this Order to memorialize the findings made at that hearing, which are by reference made a part hereof.

The Court is satisfied that the evidence shows that Joey Amour Jackson and Lance David Riddle were engaged in a conspiracy to commit wire fraud and money laundering while incarcerated. The ultimate purpose of the conspiracy was to impersonate law enforcement officers over the phone to defraud victims into paying a "bond" for their supposed failure to appear in Court. The Court finds that the total intended loss amount attributable to the conspiracy is $402,123.67 and that the total actual loss attributable to the conspiracy is $267,722. The Court also finds, by a preponderance of the evidence, that Defendants Joey Amour Jackson and Lance David Riddle are each accountable for an intended loss of $402,123.67 and an actual loss of $267,722.

Mr. Jackson and Mr. Riddle used various financial transactions and enlisted Defendants Sardaria Copelin and Ylijira Jackson to distribute some of the conspiracy's proceeds. The record evidence and Ms. Copelin and Ms. Jackson's guilty pleas show that they knew the funds that they transferred were unlawfully obtained and that they were engaged in a conspiracy to commit wire fraud. Ms. Copelin and Ms. Jackson were not, however, aware of the full extent of the primary conspiracy. The record evidence does not support holding them accountable for the full intended or actual loss of the primary conspiracy. They are instead accountable for the funds that they actually transferred. The Court therefore finds that Ms. Jackson is

accountable for a total loss of no more than $14,846.87 and that Ms. Copelin is accountable for a total loss of no more than $27,771.87, as noted in the Presentence Investigation Report.

The Court defers its ruling on the amount of restitution to be ordered for each defendant. The Court will schedule a restitution hearing for a date within ninety days of the hearing of October 14, 2026.

**SO ORDERED**, this 16th day of October, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**